*302 OPINION.
Hill:
The issue for decision in this case is whether or not the shares of so-called preferred stock received by petitioners in 1937 as a stock dividend on the common stock of the Regal Laundry, Inc., *303 under the facts and circumstances set out above, constituted taxable income. If so, the parties have stipulated that the deficiency determined by respondent is correct; otherwise, there is no deficiency due.
At the conclusion of the hearing, counsel for respondent moved to strike from the record “all oral evidence offered by petitioners which is contrary to the written records of the corporation”, and “all evidence offered as to any agreement or transaction subsequent to December 31, 1937.” The presiding member took the motion under advisement and stated it would be passed on in connection with the decision on the merits of the case as a whole.
On brief respondent argues in support of his motion that the minutes of the corporation set forth a clear and direct recital of the declaration of a dividend to the common stockholders, payable in both common and preferred stock; that the oral evidence objected to is not explanatory of the written minutes but in contradiction thereof, and should, therefore, not be admitted or considered because it is in violation of the parol evidence rule.
Whether the evidence in question contradicts the corporate records, as argued by respondent, or might properly be said to be only explanatory thereof, as contended by petitioners, we think is not of controlling importance here. In any event,’ there are other and more substantial grounds upon which we prefer to rest our decision.
The evidence relating to the terms and extent of the agreement whereby the stockholders limited or waived their rights in the so-called preferred stock, is clear and uncontradicted. The facts so established vitally affect the nature of the transaction and bear directly on the question of whether or not the preferred shares constituted taxable income to petitioners. Must we, however, exclude such evidence on the ground that it violates the parol evidence rule, and look only to the bare form of the transaction as recorded in the corporate minutes, without explanation? To do so obviously would result in a redetermination of tax liability on a basis utterly at variance with the true facts, and, if under such facts no tax is imposed by the statute, respondent would nevertheless be permitted to collect as a tax the amount of the deficiency determined by him. This may not be done. In circumstances such as are present here, we have repeatedly held that the parol evidence rule has no application. Macon, Dublin & Savannah Railroad Co., 40 B. T. A. 1266, and authorities there cited. See also Combs Lumber Co., 41 B. T. A. 339, 342.
Respondent’s motion to strike is overruled and exception noted.
The second point for consideration is whether or not under the oral agreement of the stockholders the shares of so-called preferred stock received by petitioners in 1937 constituted income taxable to them. *304 The stock dividend, payable in both common and preferred stock, was declared and paid pursuant to this agreement. Prior to declaration of the dividend, all of the stockholders had agreed (1) that they would exchange the preferred stock, share for share, for common stock as soon as the charter could be amended to permit issuance of additional common stock; (2) that until such exchange could be effected no dividends would be accrued or paid on the preferred shares; (3) that they would not sell or otherwise dispose of the preferred shares; and (4) that to insure performance of the agreement the preferred certificates would be held by the company. The agreement was fully carried out and performed within 11 days from its date, which also was the date of issuance of the preferred stock certificates.
From these facts, we think it is apparent that the stockholders did not at any time have dominion or control over the preferred stock. They did not at any time have the right to receive this stock for their own separate use, benefit, and disposal. In fact, the very purpose of the agreement was to deprive the stockholders of any rights of control, possession, or disposal. The preferred stock therefore did not constitute taxable income to the recipients, under the Sixteenth Amendment to the Constitution. Eisner v. Macomber, 252 U. S. 189.
There is an additional reason which also requires disapproval of the respondent’s determination. It is now settled that no stock dividend is constitutionally taxable unless it (1) works a change in the corporate entity, or (2) gives the stockholder an interest different in character from that which his former holdings represented. United States v. Phellis, 257 U. S. 156; Weiss v. Stearn, 265 U. S. 242; Koshland v. Helvering, 298 U. S. 441; Helvering v. Gowran, 302 U. S. 238.
No suggestion appears in the present case that the stock dividend in controversy worked any change in the corporate entity, and we think it is clear that, under the agreement of the stockholders pursuant to which the dividend in preferred stock was declared and paid, they thereby acquired no interest in the corporation substantially different in character from that represented by their former holdings. In effect, the rights of the stockholders in the preferred stock were limited by agreement to the privilege of exchanging each share of such stock for one share of common stock, which latter stock, after the exchange, was held without limitation or restriction.

Decision will be entered for petitioners.